Per Curiam.
The action was brought to recover for water supplied by the plaintiff to the defendant, for the year 1886, and for the rent of the pipe though which the water was conveyed to the defendant’s grounds.
The defendant admits the claim for the rent of the water pipes; also a part of the claim for water supplied for a part, but not for the whole year. The only question litigated was, whether the defendant was liable for the whole, or for a, half year only.
Mr. Stevens, a witness for plaintiff, testified that he told Mr. Clark, the defendant’s superintendent, that if the defendant did not set a meter he would charge $100 in excess of the last year, so that, instead of the bill being $600, it would be $700 for 1886. Clark denied that anything was said about taking the water for one year, or for any specific period; or about any increased price. Clark being a new superintendent, and not knowing what the arrangements were prior to 1886, the judge at trial term, and the general term of the city court, apparently assumed that there was no evidence whatever in the case to contradict Stevens’ statement, that the previous arrangement had been a hiring by the year. But the receipts offered and received in evidence show that payments were received for specific portions of each year, and not for the whole year, and so do plaintiff’s books. From these facts we think the jury might have inferred, had the question been left with them, that the previous hirings had been for specific portions of the previous years only, and not for the whole year. We also think that the credibility of Mr. Stevens’ testimony was a subject upon which the jury should have been allowed to pass.
This being the case, we do not think the court below were justified in assuming either that the previous hirings had been by the year or the yearly arrangement was continued. Consequently, we think that the judge at trial term erred in charging the jury that “to relieve the defendant from responsibility for one year you must find that there was some agreement, or acquiescence in some agreement, by which the plaintiff agreed that the contract should be but for a half a year, instead of for a year.”
This threw the burden of proof upon the defendant, which the testimony in the case did not warrant.
The judgment should be reversed, a new trial ordered, costs of the appeal to the appellant to abide the result.